UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL WARREN,

                 Plaintiff,                          CIVIL ACTION NO. 10-11775

                   v.                               DISTRICT JUDGE NANCY G. EDMUNDS

CAREN BURDI, MICHAEL LEVINE,      MAGISTRATE JUDGE MARK A. RANDON
STEPHEN VELLA, MICHIGAN
ATTORNEY GRIEVANCE COMMISSION,
GEORGE SHEA, JEFFREY VOLLMER,
ROBERT AGACINSKI, WAYNE WEGNER,
WEGNER AND ASSOCIATES, P.C.,
and SHEA, CREIGHTON, ET AL, P.C.,

                 Defendants.

_____/

## <u>REPORT AND RECOMMENDATION ON SANCTIONS AGAINST PLAINTIFF</u>

This matter was referred for a Report and Recommendation on the amount of sanctions to be imposed against Plaintiff Cheryl Warren (Plaintiff) for violating Fed. R. Civ. P. 11 (Dkt. 83). Defendant Michel Levine (Defendant Levine) and Defendants Jeffrey Vollmer, Wayne Wegner, and Wegner and Associates, P.C.'s (collectively, Defendants Wegner) were ordered to submit supplemental briefs regarding the issue of how much the sanction award should be by March 16, 2011 (Dkt. 84). Defendants each filed timely supplemental briefs (Dkts. 85, 86). Plaintiff was ordered to file response briefs by March 30, 2011. Plaintiff filed response briefs one day late, on March 31, 2011 (Dkts. 87 & 88). On April 14, 2011, the Court held a hearing.

For the reasons stated below, it is **RECOMMENDED** that Plaintiff be sanctioned in the amount of **$5,000** ($2,500 to Defendant Levine and $2,500 to Defendants Wegner) and that the Court

enter an order barring Plaintiff from filing any lawsuits in this Court against Defendants or Defendants' attorneys without the prior approval of the Chief Judge of the United States District Court for the Eastern District of Michigan.

## I. <u>DISCUSSION</u>

The Court has already determined that Rule 11 against Plaintiff sanctions are warranted (Dkt. 81). Accordingly, the only issue now before the Court is the appropriate sanction to impose. Although compensating the opposing party for the costs incurred by the offending party's frivolous conduct is a recognized basis for determining an appropriate sanction under Rule 11, the primary purpose of Rule 11 is to deter frivolous conduct, a point recognized by the Sixth Circuit in affirming the imposition of Rule 11 sanctions. *See Merritt v. International Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) ("The purpose of sanctions is to deter the abuse of the legal process."); *see also, Rentz v. Dynasty Apparel Indus., Inc*., 556 F.3d 389, 399-400 (6th Cir. 2009); Fed. R. Civ. P. 11(c)(4) ("A sanction under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."). "Because deterrence is the primary goal, the minimum necessary to deter the sanctioned party is the proper award, even if this amount does not fully compensate the moving party." *Danvers v. Danvers*, 959 F.2d 601, 605 (6th Cir. 1992); *see also, Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc*., 88 F.3d 368, 375 (6th Cir. 1996) (internal quotation omitted) ("When a fraction of the actual and reasonable fees requested is sufficient to deter future violations, it is not an abuse of discretion to award such lesser amounts"). Further, "a district court is required to make an inquiry into an attorney's ability to pay sanctions..." *Runfola & Assocs*., 88 F.3d at 375 (internal quotation omitted). Thus, in determining an appropriate sanction, a court should consider the opposing party's actual and reasonable expenses,

any mitigation that could have been accomplished by the opposing party, the offending party's ability to pay, and the deterrence effect of various sanctions. *See Kassab v. Aetna Indus., Inc.*, 265 F. Supp.2d 819, 823 (E.D. Mich. 2003) (Taylor, J.). As the Sixth Circuit explained, "when determining the amount to award, the goals of Rule 11 must be considered and 'reasonable' does not necessarily mean 'actual' expenses." *Merritt*, 613 F.3d at 629 n.4.

In his supplemental brief, Defendant Levine requests $11,100 in monetary sanctions, which is the amount of attorney fees he incurred defending against Plaintiff's lawsuit. Defendant Levine's attorney – Frank Kokenakes – states that he billed 44.4 hours of time, and charged $250 per hour. Defendants Wegner also request to be compensated for the expense of defending this case, and attached seven invoices detailing the following charges: $3,973.10, $4,138.20, $585.68, $585, $1,407.50, $401.92 and $117.85 – for a total of $11,209.25. Defendants Wegner were represented by three attorneys – David Anderson (who charges $150 per hour), Monika Sullivan ($125 per hour) and Michael Sullivan ($150 per hour). Both Defendant Levine and Defendants Wegner also request that the Court enjoin Plaintiff from filing future lawsuits against them and their attorneys.

"'The process of determining a reasonable fee ordinarily begins with the court's calculation of a so-called "lodestar" figure, which is arrived at by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate."'" *Graceland Fruit, Inc. v. KIC Chemcials, Inc*., 320 Fed. Appx. 323, 328 (6th Cir. 2008) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763-64 (2d Cir.1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983))); *see also, Finley v. Hartford Life & Accident Ins. Co.*, 249 F.R.D. 329, 332-333 (N.D. Cal. Feb.22, 2008) (in determining a reasonable award of attorney's fees under Rule 37, the court begins by figuring the lodestar). Turning first to the hourly rate, "[a] district court has broad discretion to determine what

-3-

constitutes a reasonable hourly rate for an attorney." *Wayne v. Village of Sebring*, 36 F.3d 517, 533 (6th Cir.1994). Ordinarily, a reasonable hourly rate is the "prevailing market rate . . . in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). These hourly rates charged to Defendant Levine and Defendants Wegner are consistent with hourly rates in the 50th to 75th percentile for attorneys in all of Michigan for attorneys of comparable experience and firm size. *See* State Bar of Michigan, 2010 Economics of Law Practice, at 16-17 (2010). "District courts have relied on the State Bar of Michigan Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice." *O'Connor v. Trans Union, LLC*, No. 05-cv-74498, 2008 WL 4910670, *6 (E.D. Mich. Nov. 13, 2008) (Cleland, J.); *see also, Sykes v. Anderson*, No. 05-71199, 2008 WL 4776837, at *5 & n.10 (E.D. Mich. Oct. 31, 2008) (Edmunds, J.). These amounts are also consistent with rates judges of this Court have found to be reasonable. *See, e.g., Meier v. Green*, No. 07-CV-11410, 2009 WL 388040, at *4-*5 (E.D. Mich. Feb. 13, 2009) (Cleland, J.); *Darbyshire v. Garrison*, No. 04-72272, 2006 WL 581032, at *3 (E.D. Mich. Mar. 8, 2006) (Zatkoff, J.). The Court further finds that the claimed attorney time was reasonably expended. The hours claimed by Defendant Levine's counsel and Defendants Wegner's counsel are neither vaguely documented nor excessive, and were expended as a direct result of defending against the allegations in Plaintiff's complaint and her other pleadings.

However, as noted above deterrence, not compensation, guides the Court's imposition of an appropriate Rule 11 sanction, and the Court must consider all relevant circumstances, including not only the opposing party's actual and reasonable expenses, but also any mitigation that could have been accomplished by the opposing party, the offending party's ability to pay, and the deterrence effect of various sanctions. *See Kassab v. Aetna Indus., Inc.*, 265 F. Supp.2d 819, 823 (E.D. Mich.

-4-

2003) (Taylor, J.).  Having considered these factors, I recommend that a sanction of $5,000, is sufficient to serve the deterrent purpose of Rule 11.  Although such an amount does not fully compensate Defendants for the expenses caused by Plaintiff's frivolous conduct, this is not an insignificant sum, and appears to the undersigned to be sufficient to cause Plaintiff to fully investigate the facts and the law before filing future pleadings.  *See, e.g., Runfola & Assocs.*, 88 F.3d at 371, 375-76 (district court did not abuse its discretion in finding that sanction of $15,671.14 – representing opposing party's costs of $5,671.14 and an additional $10,000 sanction – to be sufficient to deter even though opposing party had requested an additional $109,305.90 in attorney's fees); *Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 19, 26 (D.D.C. 2004) (imposing sanction of $1,000 each on the plaintiff and the plaintiff's two attorneys, "although the defense of this case likely cost substantially more."); *Farino v. Advest, Inc.*, 111 F.R.D. 345, 350 (E.D.N.Y. 1986) (sanctions in the amount of $4,000 sufficient to serve deterrence purpose of Rule 11 even though opposing party requested $15,138.00 in attorney fees and $3,227.35 in costs).

Next, both Defendants Levine and Wegner request that the Court enjoin Plaintiff from filing any future lawsuits against Defendants and/or against Defendants' counsel.  Indeed, as detailed in the undersigned's previous Report and Recommendation (Dkt. 77), the present suit appears to be the continuation of a decade-long vendetta that Plaintiff has against the people she believes are responsible for the suspension of her law license.  Defendants are – understandably – concerned that Plaintiff will continue to file suit against them unless some restrictions are placed upon Plaintiff's ability to file additional lawsuits.

While the Court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court

may impose certain pre-filing restrictions on an individual with a history of repetitive or vexatious litigation. *See Feathers v. Chevron U.S.A., Inc*., 141 F.3d 264, 269 (6th Cir. 1998); *Ortman*, 99 F.3d at 811. *See also Futernick v. Sumpter Tp.*, 207 F.3d 305, 314 (6th Cir. 2000) (finding that an order requiring a plaintiff to obtain the court's permission before filing any further motions was proper where the plaintiff was inundating the district court with repetitive motions and such an order did not violate the plaintiff's constitutional rights to due process and equal protection); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) ("[I]t is clear that the plaintiffs are vexatious litigants who have filed many complaints concerning the same 1972 automobile accident. The district court entered an order requiring leave of court before the plaintiffs filed any further complaints. This requirement is the proper method for handling the complaints of prolific litigators, and the procedure does not violate the First Amendment."); *Chance v. Todd*, 74 Fed. Appx. 598, 600 (6th Cir. 2003) ("the district court properly exercised its authority to issue an injunction to prevent [the plaintiff], a prolific litigant who has filed at least four frivolous lawsuits, from filing further actions without first obtaining leave of court.").

It is clear to the undersigned that Plaintiff is a vexatious litigant who has filed numerous suits concerning the same alleged events. The proper method for handling the complaints of prolific litigants – and one that does not violate the First Amendment to the United States Constitution – is an order requiring leave of Court before Plaintiff files any further complaints against Defendants or Defendants' attorneys. Therefore, this Court recommends that Plaintiff be permanently enjoined from filing any civil lawsuit in this Court alleging or asserting factual or legal claims arising out of the underlying litigation or attorney disciplinary proceedings against any Defendant in this case – or Defendants' attorneys – without first obtaining prior approval of the Chief Judge of the United

States District Court for the Eastern District of Michigan.  If a future action is based upon or arising out of the legal or factual claims alleged in this action or any of the actions underlying it, the application for a new case may result in additional sanctions.

## II.  CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff be sanctioned in the amount of $5,000 ($2,500 to Defendant Levine and $2,500 to Defendants Wegner) and that the Court enter an order barring Plaintiff from filing any lawsuits in this Court against any Defendant in this case – or against any of Defendants' attorneys – without the prior written approval of the Chief Judge of the United States District Court for the Eastern District of Michigan.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless,

by motion and order, the page limit is extended by the court.  The response shall address  each issue

contained within the objections specifically and in the same order raised.


*s/Mark A. Randon*                 
*MARK A. RANDON*
*UNITED STATES MAGISTRATE JUDGE*

Dated:  April 27, 2011

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, April 27, 2011, by electronic and/or ordinary mail.*

*s/Melody R. Miles*               
*Case Manager to Magistrate Judge Mark A. Randon*
